I respectfully dissent with respect to Part V of the main opinion. I disagree with *Page 406 
the conclusion that the Joe Landry and T-Mar rental income is part of the estate. Instead, I am clear to the conclusion that DeGeer's contracts with Joe Landry and T-Mar were
personal-services contracts. Landry and T-Mar contracted with DeGeer to manage their rental property in reliance upon his skill in doing so. Those contracts were not in the nature, for example, of a contract to purchase a parcel of land, which, in the event of death by the seller, clearly could be performed on behalf of the seller by his personal representative. To conclude otherwise, as does the main opinion, would essentially force Joe Landry and T-Mar to accept as the manager of their rental properties someone whom they had not chosen or contracted with for that service.
As the main opinion states, Joe Landry and T-Mar could have, and did, waive the terminable-at-death feature of their contracts with the decedent. The very fact that they had the ability to waive this feature is consistent only with a conclusion that those contracts were not owned by the estate, but were in fact personal-services contracts. Had they not been personal-services contracts, there would have been no terminable-at-death feature for Joe Landry and T-Mar to "waive."
Thus, it was not McGallagher as executrix who had some right or obligation to continue performing those contracts on behalf of the estate; it was McGallagher as McGallagher, i.e., in her individual capacity, whom Joe Landry and T-Mar chose to have continue managing their properties after DeGeer's death.
In all other respects, I concur in the main opinion, except as to Part IV of the main opinion as to which I concur in the result.